61    59
112   ²197

## George Shaffer, by his Next Friend, v. C. B. Kennington.

1. MINORS—*Contracts Voidable.*—The contracts of a person under legal age are voidable at his own option.

2. SAME—*May Act as Agent.*—A minor child may act as the agent of its parent.

Replevin.—Appeal from the Circuit Court of Douglas County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed November 15, 1895.

W. A. Perkins, attorney for appellant.

J. M. Newman, attorney for appellee.

Mr. Justice Wall delivered the opinion of the Court.

This was an action of replevin to recover a cow and a promissory note for $35, which were given by plaintiff to the defendant for the purchase price of an engine. The plaintiff sought to recover upon two grounds: 1st, that the engine would not work as warranted, and that he had promptly returned it to the defendant and demanded the cow and the note; 2d, that at the time he made the trade he was a minor.

The defendant denied that he had warranted the engine, and also insisted that by the mismanagement of the plaintiff it had been burned, and that the leakage which made the trouble was all due to that cause. Secondly, the defendant insisted that the cow in question belonged to the father of the plaintiff—that the plaintiff in making the trade was acting as the agent of his father, by whom the note was signed, and that in fact the trade was really with the father, by the plaintiff as his agent, and not by the plaintiff on his own account. The evidence having been heard, the court, by consent, instructed the jury orally, and no exception was taken to the instructions then given. After the jury had been out for a time, without agreement, they requested the further instruction concerning the law of minority; and thereupon the court gave the following in writing:

" The contracts of a male person under age of twenty-one years are voidable at his own option; so, if you believe from the evidence in this case that the plaintiff, George Shaffer, was under the age of twenty-one years at the time he purchased the engine in controversy—if you believe, from the evidence, he did purchase it on his own account and for himself, then he would have the right to revoke his said contract by returning the engine to the defendant and demanding the cow and note to be returned to him; and if you believe, from the evidence, he did so, and the defendant

Shaffer v. Kennington.

refused to return the same to him, then he would have the right to recover the same in this suit, and your verdict should be for the plaintiff (but if you believe, from the evidence, he made the contract for his father, by his father's authority, this instruction will have no application to the case, and the law is that a minor may be the agent of the father, if you believe, from the evidence in the case, that the father made and constituted him such agent)." The clause in parenthesis was given at defendant's request—to the giving of which the plaintiff excepted.

The jury found for defendant and a motion for new trial was refused. Judgment went accordingly, from which the plaintiff prosecutes the present appeal. It is urged that the court erred in giving this instruction, because there was no evidence upon which the jury could find that plaintiff was acting for and as the agent of his father in making the trade. We think there was evidence tending to support that contention, and enough to sustain a finding for the defendant thereon.

It is not in dispute that the plaintiff was a minor, but though he was he might legally be his father's agent and might make the trade as such agent, and in such a case the trade in point of law would of course be his father's and not his.

The cow was the property of his father, as the weight of the evidence tends to show, and the note was signed by both, as we understand the proof.

If the testimony offered by defendant was credited, the jury might well believe it was a case of agency, as claimed by defendant.

This being so, the plaintiff could not maintain the action, and it was immaterial whether there was a breach of warranty or not. And if the suit was properly brought by the plaintiff that point would have been immaterial, because in that case the right to repudiate the contract on the ground of minority would have been too clear for dispute.

We find no error and the judgment will be affirmed.